## LA CHOMETTE v. THOMAS.

A partner *in commendam* is responsible to the creditors of the partnership for the amount of the capital he was bound to contribute. Where his portion of the capital has been withdrawn, they may proceed against him by a direct action. C. C. 2813.

APPEAL from the District Court of the First District, *Buchanan,* J. This was an action to recover from *Thomas,* a partner *in commendam,* his proportion of a debt due by the partnership to the plaintiff. The partnership

had been dissolved, and *Thomas* had withdrawn the capital contributed by him, with certain profits. There was a judgment below in favor of the plaintiff, from which the defendant appealed.

*Duvigneaud* and *Roselius*, for the plaintiff. An action will lie by the creditors of a partnership against a partner *in commendam*, to subject the amount of capital which he was bound to contribute to the payment of the partnership debts. Massé, Dict. de Droit Commercial, p. 643. 2 Pardessus 511, No. 1034. Delvincourt, p. 35. Merlin, Questions de Droit, vol. 6, p. 10.

*Eyma*, for the appellant. The right of the creditors to sue a partner *in commendam* in France, is deduced from the provision of art. 1166 of the Code Napoléon. No similar article is to be found in the Code of this State. Under the French laws the creditors have no action, in their own names, against the partner *in commendam*. Rogron, on art. 26 of the Code of Commerce. Pothier, Contr. de Societé, No. 102. Pandectes Françaises, vol. 19, p. 146.

The judgment of the court was pronounced by

EUSTIS, C. J. This action, although brought in a different court, was heard on appeal in the late Supreme Court, and is reported in 5th Robinson's Rep., 172*. The facts of the case are there fully stated. That which was then wanting—the proof of the debt—has been fully made out; and we have recently recognized the rights of creditors to hold partners *in commendam* responsible for the amount of the capital which they were bound to put into the partnership of which they are members.

*Lizardi* v. *Gispet*, Executor—Civil Code, art. 2813. We will prevent the creditors from obtaining any undue preference over each other, and in all cases carry into effect the principle of law which makes the *commendam* fund a common pledge for the creditors of the partnership, but we will permit no obstacle of mere form to prevent the direct recourse of the creditor against the partner *in commendam*, whenever his obligation to contribute to the partnership debts is made out. In the present case, the partner *in commendam* has not only withdrawn his capital on the dissolution of the partnership, but his share of the profits; and why should he not pay his share of the debts?

His partner, *Tissot*, has paid one-half of the debt due the plaintiff, $2,482 47, and a discharge has been given him, under a reservation of claims as to other parties, and we are at a loss to perceive on what grounds this creditor has been kept out of his just rights for so long a time.

The doubts which existed in the minds of some, concerning the mode of reaching the partner *in commendam* in an action by a creditor of the partnership, created perhaps by the opinion of the late Supreme Court in this very case, alone prevent us from amercing the party in damages, as for a frivolous appeal. *Judgment affirmed.*

LA CHOMETTE *v.* THOMAS.

---

* The action reported in 5th Robinson, was instituted before the Commercial Court. The present suit was before the District Court of the First District.